UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Oliver Eugene Crawford,**

Petitioner,

v.

**State of Minnesota,**

Respondent.

Civil No. 05-2475 (DSD-JJG)

REPORT
AND
RECOMMENDATION

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge on Oliver Crawford's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1). Mr. Crawford (Crawford) is proceeding pro se. The respondent is represented by Tibor M. Gallo, Assistant Minnesota Attorney General. The matter is referred to this Court for a Report and Recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Following a jury trial in state district court, Crawford was convicted with two counts of controlled substance crime and one count of conspiracy to commit controlled substance crime. In his petition, Crawford challenges his convictions due to multiple errors of law by the state district court. The State, however, does not challenge the petition on its merits. Moving to dismiss (Doc No. 5), the state claims that Crawford failed to exhaust his claims in the state courts and so his petition is procedurally barred.

**I.**

Here it is appropriate to initially address the issue of exhaustion. To challenge a state-level conviction in a petition for a writ of habeas corpus under § 2254, a prisoner must first exhaust the claims

in the petition. A claim is exhausted when it is asserted as a question of federal law in a brief before the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999). But a prisoner may sometimes advance an unexhausted claim for good cause. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In his petition for a writ of habeas corpus, Crawford raises five distinguishable issues. Only one has been raised in a brief before the Minnesota Supreme Court. These claims are not properly exhausted. Crawford claims that, had he known he could raise his claims in a pro se supplemental brief, he would have exhausted them. Because this Court will ultimately consider all his claims on their merits, it need not be decided whether Crawford has good cause to proceed with unexhausted claims.

Because he combines his one exhausted claim with others not properly exhausted, the State argues that Crawford presents a "mixed petition" that must be dismissed. This argument relies on the decision of the U.S. Supreme Court in *Rose v. Lundy*. 455 U.S. 509 (1982). It held that, where some claims have not been exhausted, a court cannot rule on the petition, but must dismiss the petition without prejudice. *Id.* at 518-19. Subsequent decisions recognized that, instead of dismissal, a court may give the prisoner an opportunity to withdraw the unexhausted claims. *See Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005); *see also Rose*, 455 U.S. at 520 (observing that a prisoner, in order to quickly proceed to the merits of a petition, "can always amend the petition to delete the unexhausted claims").

The Antiterrorism and Effective Death Penalty Act of 1996 led to the emergence of a third option. The Act set a one year statute of limitations for petitions under § 2254. *See* 28 U.S.C. § 2244(d)(1). By the time most district courts dismissed a mixed petition without prejudice, the statute of limitations would have passed. So dismissal without prejudice, under these circumstances, would effectively prevent the

prisoner from obtaining any relief on the merits of the petition. *See Neverson v. Farquharson*, 336 F.3d 32, 42 (1st Cir. 2004). This outcome is likely if this Court recommends dismissal without prejudice here.

The U.S. Supreme Court considered this problem in *Rhines v. Weber*. 544 U.S. 269 (2005). It held that, rather than dismissing the petition, a district has discretion to stay the petition while the prisoner litigates the unexhausted claims in state courts. To obtain this stay, the prisoner is required to show good cause for the prior failure to exhaust the claims. *Id.* at 277. Even on a showing of good cause, a district court cannot grant a stay where the claims are "plainly meritless." *Id.* at 277-78.

Since the decision in *Rhines*, the Eighth Circuit has implied that a prisoner has the right to be informed of the right to cure unexhausted claims, except where further litigation in the state courts is futile. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005); *Akins v. Kenney*, 410 F.3d 451, 455-56 (8th Cir. 2005). This analysis is problematic. A federal court could decide whether action in state courts is futile, even though that question is more appropriately decided by state courts. But if the claim is indeed futile, litigation in the state courts will significantly delay a decision on the petition. *See Oleynik v. Minnesota*, No. 04-3131, 2005 WL 1719365 at *3 (D.Minn. June 15, 2005) (Mayeron, M.J.).

In litigation on a petition for a writ of habeas corpus, "judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petition while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999); *see also* 28 U.S.C. § 2254(b)(2). Rather than issuing a questionable recommendation on the issue of exhaustion, it is better to proceed to the merits of Crawford's petition. Though the parties have not fully briefed this matter, it is possible to rule on the merits without further briefing. Nevertheless, to ensure that the parties have an opportunity to respond, this Court will extend the period for the parties to file objections to this report and

recommendation.

## II.

The merits of a petition for writ of habeas corpus are determined under 28 U.S.C. § 2254(d), which provides in relevant part,

> An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Crawford does not assert that the district court made unreasonable findings under clause (2). *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (holding that an unreasonable determination is one where the state court correctly applies the law but makes unreasonable factual findings). Thus the standard of review here is whether the district court committed an error of law under clause (1).

Because § 2254 requires that such errors be contrary to "clearly established federal law," a prisoner is required to show some violation of federal law, such as a constitutional violation. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). For most of his claims, Crawford fails to assert a specific violation of federal law. But in substance, Crawford challenges the state district court on the basis of due process, arguing that its decisions did not comport with fundamental fairness.

Crawford first asserts that the district court, by admitting purported hearsay statements, committed an evidentiary error at trial. A prosecution witness testified that, in several telephone conversations,

4

Crawford agreed to keep illegal drugs until their delivery. Crawford argues these statements are hearsay and that officers could not confirm his identity.

It is not necessary, under these circumstances, for anyone other than the witness to identify the caller as Crawford. Because the statements are attributed to Crawford, the statements are adverse party admissions, which are by definition not hearsay. Such evidence is plainly admissible and it did not make the trial fundamentally unfair. *See Armine v. Bowersox*, 238 F.3d 1023, 1032-33 (8th Cir. 2001); *State v. Taylor*, 650 N.W.2d 190, 205 (Minn. 2002).

Crawford claims that the prosecution withheld exculpatory evidence. He alleges that the prosecution withheld a videotape that shows he was not present at a drug transaction. But this allegation lacks any meaningful support. As part of a sting operation, officers recorded a videotape of a drug transaction, in which Crawford was an identified participant. That videotape was played at trial. There is no indication that exculpatory evidence was withheld.

Crawford asserts that his statements were taken in violation of his privilege against self-incrimination. During interrogation, an officer informed Crawford that he would be charged with a drug crime. Crawford responded, "I don't know nothin' about, so I don't got nothin' to say about it." He has argued that, because this statement is an unequivocal invocation of his right to remain silent, his ensuing statements were taken in violation of his privilege against self-incrimination and were improperly admitted at trial.

An equivocal invocation of the right to remain silent is not sufficient to raise the privilege against self-incrimination. *United States v. Johnson*, 56 F.3d 947, 955 (8th Cir. 1995). Where an officer informs a suspect that she or he will be charged with a crime, and the suspect denies the crime and states that he

or she will not talk, the suspect has not unequivocally invoked the privilege against self-incrimination. *Simmons v. Bowersox*, 235 F.3d 1124, 1131 (8th Cir. 2001). Because Crawford made a similar statement, he did not unequivocally invoke his privilege against self-incrimination, and his ensuing statements were admissible at trial.

Crawford contends that, according to testimony by some witnesses, he was not involved in the crimes charged against him. It may be inferred from this argument that Crawford challenges the sufficiency of the evidence that led to his convictions. For such a challenge, conflicting evidence is resolved in favor of the prosecution. If a rational factfinder could determine that each element of the crime is proven beyond a reasonable doubt, then the conviction is upheld. *Flieger v. Delo*, 16 F.3d 878, 883 & n. 5 (8th Cir. 1994). Here the convictions are supported by ample evidence, notwithstanding some testimony to the contrary.

Crawford claims that his convictions are defective because the verdict was rendered by an all-white jury. But he does not allege that the prosecution engaged in discriminatory tactics to obtain such a jury. A court cannot presume that a jury, solely on the basis of its racial composition, reached its verdict due to racial bias. *Rosales-Lopez v. United States*, 451 U.S. 182, 190 (1980) (plurality opinion). Although a court sometimes has an obligation to inquire into racial bias, *United States v. Borders*, 270 F.3d 1180, 1183-84 (8th Cir. 2001), a conviction for a drug crime cannot be overturned only because there was an all-white jury, *United States v. Love*, 219 F.3d 721, 721-22 (8th Cir. 2000) (2-1 opinion) (per curiam).

**III.**

Crawford raises five claims in his petition for a writ of habeas corpus. Regardless of whether these claims were properly exhausted, none demonstrate that the state district court made a decision contrary

6

to established federal law.  Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Crawford's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED.**

2. The State's motion to dismiss (Doc. No. 5) be **DENIED AS MOOT.**

Dated this 15th day of June, 2006.                    s/Jeanne J. Graham

                                                           JEANNE J. GRAHAM
                                                           United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 12, 2006.  A party may respond to the objections within ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.